Green, J.
delivered the opinion of the court.
In this case Ward had obtained two judgments, by motion, against Ridgeway, as a Constable, and against the other defendants as his sureties. In these cases an appeal was taken to the Circuit Court, where the two cases against'Ridgeway and his sureties are lost sight of, and an entry is made under the caption of “Willis Ward vs. Richard Ridgeway,” as follows: Appeal from the Justice of the Peace. “This day came the parties by their Attornies; and, thereupon, by consent of parties, the judgment of the Justice is affirmed. It is, therefore, considered by the court, that the plaintiff recover of the defendant the sum of $242 42, the judgment of the Justice aforesaid, together with costs in this behalf expended; and by consent the judgment is stayed until the 1st of January next, 1844.”
This judgment was rendered at the June term, 1843. At February term, 1844, a motion was made to amend the judgment, by entering up a judgment against the sureties of Ridge-way, the Constable. This motion was sustained by the court, and ajudgment against the sureties was rendered for the sum that, at June term, 1843, had been, by consent, entered against Ridgeway.
This action of the court, at February term, 1844, it is said, can be sustained on the ground, that the names of the sureties were omitted by mistake in the entry of the judgment at June term, 1843, and that it amounts to the correction only of a clerical mistake, which under the authority of the case of Faris vs. Kilpatrick, and Crutchfield vs. Stewart, 1 Hump. Rep. 379, 380, the court had the power to make. In the case of Faris vs. Kilpatrick, the judgment entered here, affirmed in all things the judgment of the Circuit Court; but in stating the amount so recovered, the Clerk, by mistake, omitted the sum of $48 00, the damages given in the Circuit Court upon the affirmance of *432 the judgment of the County Court. This was a plain case of clerical mistake. The judgment was affirmed, and the only ■ question was, what was the judgment then affirmed?
This was rendered certain by an inspection of the record from the Circuit Court. In the present case the Circuit Court did not have before it the entry showing the Justice’s judgment. The notice and the appeal bond were the only proceedings on file. The Constable’s bond was not a part of the record, it was filed as evidence only.
Now, when it is stated in an entry of Ward vs. Ridgeway only, that the Justice’s judgment was affirmed ,by consent, and, then, instead of entering up two judgments, as the Justice had done, one judgment is entered for the whole sum. How does it appear, that this confessed judgment was agreed to be rendered against the whole of the parties that were before the Justice? The judgment is very different from that which the Justice had pronounced in either case; it is not, therefore, an affirmance of the Justice’s judgment; but it is a different one altogether, and was confessed by Ridgeway.
We cannot know, from the proceedings, which were before the Circuit Court, that this judgment was not purposely restricted to the Constable alone, on condition, that all objections to the proceedings before the Justice.should be waived, and judgment by consent should be taken against him.
We do not think this case is supported by either of the cases cited; and, therefore, the judgment entered at February term, 1844, against the sureties of Ridgeway, must be reversed.